UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JOSEPH MENCHACA,<br>    Defendant. | Case No. 12-cr-00454-PJH-1<br><br>**ORDER STAYING MOTION TO REDUCE SENTENCE AND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

In support of defendant Joseph Menchaca's motion for reduction of his sentence, the Federal Public Defender's Office has filed a reply to the government's response to defendant's assertion that he is entitled to a reduction in sentence because the Superior Court for the County of Contra Costa granted his motion to reduce two felony convictions to misdemeanors pursuant to Proposition 47, including a prior felony drug conviction entered June 15, 2005, Contra Costa Co. Superior Ct. Case No. 217213-8, which he contends established his career offender status under the Sentencing Guidelines at the time of sentencing in this case.  Defendant initially filed the motion for reduction of sentence pro se, seeking relief pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1), in light of Amendment 782.  Now represented, he asks the court to construe his challenge to his career offender status as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.  Doc. no. 67.  The court hereby recharacterizes defendant's motion to reduce sentence based on a challenge to his career offender status, initially raised in his § 3582(c)(2) motion, as a § 2255 motion to vacate, set aside or correct the sentence.  Because defendant is now represented by

counsel, the court determines it is not necessary to provide him with notice of the potential consequences of construing his motion as a § 2255 motion, and opportunity to withdraw or amend the § 2255 motion, pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003).

Defendant also requests a stay of his § 2255 motion during the pendency of the filing of a petition for rehearing and/or rehearing en banc before the Ninth Circuit in *U.S. v. Diaz, et al.,* No. 10-50072, 2016 WL 1579691 at * 5 (9th Cir. Apr. 20, 2016) (holding that "even if California decided to give Proposition 47 retroactive effect for its own sentence enhancements, that would not make Vasquez's felony conviction a misdemeanor for purposes of a federal statute, here § 841").  The government has argued, and defendant concedes, that *Diaz* is controlling on the issue whether a state court's post-conviction reclassification of a prior felony to a misdemeanor applies retroactively to a federal sentencing enhancement.  Doc. no. 67.  Defendant has shown good cause to stay these proceedings pending the panel rehearing and rehearing en banc process in *Diaz.*  Accordingly, IT IS HEREBY ORDERED that defendant's motion to reduce sentence and motion to vacate, set aside or correct sentence are STAYED pending issuance of mandate in *Diaz.*  Doc. no. 59.

IT IS FURTHER ORDERED that the parties shall file a status report when the Ninth Circuit rules on any petition for rehearing or rehearing en banc in *Diaz*, when any amended or superseding opinion is filed in *Diaz*, and/or when mandate issues in *Diaz*, at which time the parties shall file a stipulation to lift the stay in these proceedings.

**IT IS SO ORDERED.**

Dated: May 13, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge