UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MENCHACA,<br><br>Defendant. | Case No.  CR-12-00454-PJH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE AND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Doc. No. 59 |

Before the court is the motion of defendant Joseph Menchaca ("defendant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(1), and Amendment 782 to the U.S.S.G. Manual, which the court construes in part as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 at the request of defendant's counsel.  The court determines that the matter is suitable for decision without oral argument.  Having carefully considered the papers, the record, and relevant legal authorities, the court DENIES the motion to reduce sentence and the motion to vacate, set aside or correct sentence for the reasons set forth below.

I.      BACKGROUND

On June 7, 2012, defendant was charged in an indictment with the following crimes: Count One for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and Count Two for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Doc. No. 1.

On October 4, 2012, a superseding information was filed charging defendant with the following offenses: Count One for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); Count Two for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and Count Three for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Doc. no. 20.

Defendant waived indictment and pled guilty to all three counts of the superseding information on November 14, 2012, pursuant to a Rule 11(c)(1)(C) plea agreement.  Doc. No. 32.  In the plea agreement, the parties agreed that the appropriate sentence was 168 months of imprisonment, four years of supervised release, a $300 special assessment, and a fine to be determined by the court.  *Id*. at 6.

> **A.    Guideline Calculation**

Probation prepared a presentence investigation report ("PSR"), stating that defendant was convicted of two counts of possession with intent to distribute a controlled substance and one count of being a felon in possession of a firearm.  Under the applicable Sentencing Guidelines, all three counts involved substantially the same harm and were grouped together to determine the offense level.  U.S.S.G. § 3D1.2(c) ("Counts involve substantially the same harm within the meaning of this rule . . .[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.").  When counts are grouped together under these guidelines, the applicable offense level is the offense level for the most serious counts which produces the highest offense level.  U.S.S.G. § 3D1.3.

In defendant's case, the drug trafficking counts produced a base offense level of 28, plus a two-level increase for possession of a dangerous weapon, resulting in an adjusted offense level of 30 under the drug offense guidelines.  PSR ¶¶ 20-25.  The offense level for the felon in possession count was calculated under the firearms guidelines with a base offense level of 24, plus a four-level increase for using or possessing any firearm or ammunition in connection with another felony offense, namely,

1   possession with intent to distribute 195 grams of methamphetamine.  PSR ¶¶ 26-31.

2   Because the offense level of 30 for the drug trafficking counts was higher than the

3   offense level of 28 for the firearm count, the offense level of 30 applied to the group of

4   counts pursuant to U.S.S.G. § 3D1.3.  PSR ¶ 32.

5        Defendant was also subject to sentencing under the career offender guidelines

6   because (1) he was at least 18 years old at the time of the instant offense of conviction;

7   (2) the instant offense of conviction was a felony that was either a crime of violence or a

8   controlled substance offense; and (3) he had at least two prior felony convictions of either

9   a crime of violence or a controlled substance offense.  PSR ¶ 33.  Under the career

10  offender guidelines, defendant had a base offense level of 34, which was decreased by

11  two levels for his acceptance of responsibility and one additional level for assisting

12  authorities in the investigation or prosecution of his own misconduct, for an adjusted

13  offense level of 31.  PSR ¶¶ 33-36.  Because the total offense level of 31 under the

14  career offender guidelines was greater than the offense level of 30 under the drug

15  guidelines, the applicable offense level was 31.  U.S.S.G. § 4B1.1(b) ("if the offense level

16  for a career offender from the table in this subsection is greater than the offense level

17  otherwise applicable, the offense level from the table in this subsection shall apply").

18       Because defendant was a career offender, his criminal history category was

19  Category VI.  U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every

20  case under this subsection shall be Category VI.").  Aside from his career offender status,

21  defendant's criminal history also established a criminal history category of VI, based on a

22  total criminal history score of 14.  PSR ¶ 48.

23       With an offense level of 31 and criminal history category of VI, the guideline range

24  was 188 to 235 months imprisonment.  PSR, Sentencing Recommendation at 2.

25  Probation recommended a low-end guideline sentence of 188 months.  Id.

26  **B.    Sentencing**

27       The court held a sentencing hearing and imposed judgment on January 30, 2013.

28  Doc. No. 39.  The court adopted the findings of the PSR, but imposed a below-guideline

United States District Court
Northern District of California

3

sentence of 168 months imprisonment pursuant to the binding plea agreement. Statement of Reasons.  The court sentenced defendant to 168 months of imprisonment as to count one, 120 months as to count two, and 168 months as to count three, with all terms to run concurrently.  Doc. No. 39 at 2.  In addition, the court sentenced defendant to four years of supervised release as to counts one and three, and for three years of supervised release as to count two, all terms to run concurrently, and a $300 special assessment.  *Id.* at 3-5.

### C.  Motion to Reduce Sentence

On March 20, 2015, defendant filed a pro se motion requesting appointment of counsel to assist him in seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) as amended by U.S.S.G. Amendment 782. Doc. No. 51.  On March 25, 2015, the court reappointed James Thomson to represent defendant in this matter.  Doc. No. 52.

On April 22, 2015, Probation prepared a Sentence Reduction Investigation Report stating its position that defendant was not entitled to a reduction in sentence resulting from Amendment 782 due to his career offender status.  Doc. No. 54 at 3.  Mr. Thompson filed a status report on May 22, 2015, indicating that after meeting and conferring with Probation, he did not intend to file a motion on defendant's behalf and would not oppose or respond to the Sentence Reduction Investigation Report.  Doc. No. 55.

On June 24, 2015, the court granted defendant leave to file a pro se motion for a reduction of sentence pursuant to § 3582(c)(2), and an opportunity to respond to the Sentence Reduction Investigation Report.  Doc. No. 56.  Defendant responded by submitting a motion to hold in abeyance the order granting leave to file a pro se §3582(c)(2) motion, due to the fact that he had a pending state court petition for reduction of his prior drug felony conviction(s) to misdemeanors, in light of Proposition 47.  Doc. No. 57.  The court granted defendant's request and vacated the filing deadline on his § 3582(c)(2) motion, with instructions to notify the court within 30 days after the state courts completed review of his petition.  Doc. No. 58.

1    On October 26, 2015, defendant filed a pro se motion to reduce sentence pursuant

2    to § 3582(c)(2), alleging that the state court reduced two of his prior felony drug

3    convictions to misdemeanors and challenging his career offender status.  Doc. No. 59

4    ("Mot.").  The court ordered Probation and the government to file responses to the newly

5    raised challenge to career offender status.  Doc. no. 60.  On April 12, 2016, the Federal

6    Public Defender's Office entered an appearance on defendant's behalf for the limited

7    purpose of seeking a sentence reduction.  Doc. No. 63.  The government filed an

8    opposition to the § 3582(c)(2) motion on May 9, 2016.  Doc. No. 66 ("Opp.").  Counsel for

9    defendant filed a reply brief on May 12, 2016, asking the court to construe his challenge

10   to career offender status as a motion pursuant to 28 U.S.C. § 2255.  Doc. No. 67

11   ("Reply").  Defendant also requested a stay of his § 2255 motion pending petitions for

12   rehearing and/or rehearing en banc in *United States v. Diaz,* 821 F.3d 1051, *amended*

13   *and superseded on denial of reh'g en banc,* 838 F.3d 968 (9th Cir. 2016), *cert. denied*

14   *sub nom. Cruz v. United States*, No. 16-7240, 2017 WL 276252 *and Vasquez v. United*

15   *States*, No. 16-7259, 2017 WL 276254 (Jan. 23, 2017).

16   By order entered May 13, 2016, the court granted defendant's request to

17   recharacterize his motion to reduce sentence based on the challenge to his career

18   offender status as a § 2255 motion and his request to stay the § 2255 motion.  Doc. no.

19   68.  Defendant did not withdraw his motion to reduce sentence based on Amendment

20   782 to the Sentencing Guidelines, which remains pending.  Pursuant to the parties'

21   stipulation to lift the stay after the Ninth Circuit issued an amended opinion and denied

22   the petitions for rehearing and rehearing en banc in *Diaz*, the stay was lifted on October

23   6, 2016.  Doc. no. 70.  The matter is submitted on the papers.

24   **II.    DISCUSSION**

25   Defendant contends that he qualifies for a reduction of his prison term under

26   U.S.S.G. Amendment 782.  Defendant also seeks relief from the sentence on the ground

27   that one of the prior felony drug convictions utilized to designate him as a career offender

28   has been reduced to a misdemeanor.  Mot. at 3 ¶ 10-12 and Attachments B, C.

United States District Court
Northern District of California

1

United States District Court
Northern District of California

## A.     Section 3582(c)(2) Motion

### 1.     Legal Standard

Section 3582(c)(2) authorizes the court to modify a previously-imposed term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).  Effective November 1, 2014, Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1, applicable to sentences imposed for certain drug-related convictions.  Amendment 782 may be applied retroactively to previously-sentenced defendants if the order reducing the term of imprisonment based on Amendment 782 has an effective date of November 1, 2015, or later.  U.S.S.G § 1B1.10(e)(1).

### 2.     Amendment 782

As Probation explained in the Sentence Reduction Investigation Report, defendant is not eligible for sentence reduction pursuant to § 3582(c)(2) because his guideline range was not lowered by Amendment 782.  Doc. No. 54 at 2.  As the record reflects, defendant's total offense level was determined pursuant to the career offender guidelines found in U.S.S.G. § 4B1.1, and not the drug offense guidelines that were amended by Amendment 782.

Under the policy statement governing reduction in sentence as a result of an amended guideline range, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision. . . ."  U.S.S.G. § 1B1.10, cmt. n.1(A).  Here, defendant was sentenced under the career offender guidelines, which were not lowered by Amendment 782.  Accordingly, defendant is not eligible for a reduction in sentence pursuant to § 3582(c)(2).

United States District Court
Northern District of California

1  **B.    Section 2255 Motion**

2      **1.    Legal Standard**

3      Under the federal habeas statute, relief may be granted to a federal prisoner

4  challenging the imposition or length of sentence on four grounds: (1) if the sentence

5  violated the Constitution or laws of the United States; (2) if the sentencing court was

6  without jurisdiction to impose sentence; (3) if the sentence exceeded the maximum

7  penalty allowed by law; or (4) if the sentence is otherwise subject to collateral attack.  28

8  U.S.C. § 2255.  Despite this broad language, violations of federal law are only cognizable

9  if they involve a "fundamental defect" causing a "complete miscarriage of justice."  *Davis*

10  *v. United States*, 417 U.S. 333, 346 (1974).

11      **2.    Timeliness**

12      The government contends that defendant's motion seeking relief pursuant to

13  § 2255 is untimely because it was filed more than one year after the conviction became

14  final on or about February 18, 2013.  Opp. at 7 n.1.  Defendant has demonstrated,

15  however, that Proposition 47 was passed on November 4, 2014, and that the state court

16  reclassified two felony drug convictions as misdemeanors on September 25, 2015,

17  presenting facts supporting his claim that could not have been discovered earlier through

18  the exercise of due diligence.  Reply at 2.  The record reflects that defendant asked the

19  court to hold in abeyance its order granting him leave to file a pro se motion during the

20  pendency of his petition in state court to reduce his prior drug felonies to misdemeanors,

21  and filed his pro se motion seeking reduction of sentence within one year of the passage

22  of Proposition 47.  Accordingly, the § 2255 motion is timely.  28 U.S.C. § 2255(f)(4).

23      **3.    Reclassification of Felony Conviction to Misdemeanor**

24      Defendant claims that the reclassification of his prior felony conviction pursuant to

25  Proposition 47 invalidates his career offender sentence because one of the two prior

26  felony drug convictions that resulted in his designation as a career offender has now

27  been reclassified by the state court as a misdemeanor.  Proposition 47 reclassified as

28  misdemeanors certain drug- and theft-related offenses that had previously been

7

United States District Court
Northern District of California

1    designated as either felonies or wobblers, and permitted previously-convicted defendants

2    to petition the state court for a "recall of sentence," which, if granted, would effectively

3    reclassify their qualifying felonies as misdemeanors.  *Diaz*, 838 F.3d at 971 (citing Cal.

4    Penal Code § 1170.18(a)).  As Probation indicated in the Amended Sentence Reduction

5    Investigation Report, the only drug offenses under the Health and Safety Code that are

6    reduced to misdemeanors pursuant to Proposition 47 are sections 11350, 11357 and

7    11377.  Doc. No. 65 at 2.  *See* Cal. Health & Safety § 1170.18 (codifying Proposition 47).

8         As defendant concedes, the holding of *Diaz* forecloses his claim that his career

9    offender status is rendered invalid by the state court's post-conviction reclassification of a

10   predicate felony to a misdemeanor.  Reply at 3.  In *Diaz*, the Ninth Circuit held that

11   "Proposition 47, offering post-conviction relief by reclassifying certain past felony

12   convictions as misdemeanors, does not undermine a prior conviction's felony-status for

13   purposes of [21 U.S.C.] § 841."  838 F.3d at 975.  The court in *Diaz* reasoned that "a

14   state making a change to a state conviction, after it has become final, 'does not alter the

15   historical fact of the prior state conviction' becoming final—which is what § 841 requires"

16   for the mandatory sentence enhancement.  *Id.* at 974 (citations omitted).  Thus, "even if

17   California decided to give Proposition 47 retroactive effect for purposes of its own *state*

18   law, that would not retroactively make [the defendant's] felony conviction a misdemeanor

19   for purposes of *federal* law."  *Id.* at 975.  Applying *Diaz* to defendant's career offender

20   sentence, the fact that a prior felony conviction has been subsequently reduced to a

21   misdemeanor under state law does not change the fact that defendant had "at least two

22   prior felony convictions" for controlled substance offenses at the time he committed the

23   federal offense, as required by U.S.S.G. § 4B1.1.

24        Defendant points out an apparent error in the PSR in referring to the state court

25   docket numbers for the prior felony convictions of qualifying controlled substance

26   offenses.  Reply at 4.  In calculating the base offense level for the felon in possession

27   count under the firearms guidelines, which refer to the definition of "controlled substance

28   offense" in § 4B1.2 in the career offender guidelines, the PSR refers to defendant's prior

1    convictions in Contra Costa County Superior Court for (1) possession of controlled

2    substance for sale, on June 15, 2005, in "Docket Number 050566,9" and

3    (2) possession/purchase for sale narcotic controlled substance, on August 13, 2009, in

4    "Docket Number F82021."  PSR § 26.  Neither of those docket number references appear

5    in the criminal history section of the PSR, which refers to (1) Case No. 217213-8 for the

6    June 15, 2005 conviction, and (2) Case No. 0509000142 for the August 13, 2009

7    conviction.  PSR ¶ 43, 45.

8            The citation to case number "217213-8" for the June 15, 2005 conviction at PSR

9    ¶ 43 appears to refer to a different state court conviction for possession of a controlled

10   substance, which was amended by the superior court minute order dated September 25,

11   2016, reclassifying defendant's prior § 11377(a) conviction as a misdemeanor.  Mot.,

12   Attachment C.  The minute order was entered in case number "S03-217213-8" which did

13   not refer to a conviction for possession of a controlled substance for sale, as erroneously

14   indicated in the PSR.  This citation error in the PSR is made apparent by defendant's

15   admission in the plea agreement that he had sustained felony convictions for (1) violation

16   of Health & Safety Code § 11378 on or about June 15, 2005; and (2) violation of Health &

17   Safety Code § 11351 on or about August 13, 2009.  Doc. No. 32 ¶ 2.  Neither of those

18   predicate felony convictions were impacted by Proposition 47.

19           Even if defendant demonstrated that one of the predicate felony convictions

20   underlying his career offender status was reduced to a misdemeanor under state law, the

21   holding of *Diaz,* that reclassification pursuant to Proposition 47 does not apply

22   retroactively for purposes of a federal sentencing enhancement, controls.  Accordingly,

23   defendant is not entitled to relief under § 2255.

24   **III.    CONCLUSION**

25           For the reasons set forth above, defendant's motion to reduce sentence pursuant

26   to 18 U.S.C. § 3582(c)(2) and motion to vacate, set aside or correct the sentence

27   pursuant to 28 U.S.C. § 2255 are DENIED.

28

United States District Court
Northern District of California

1

**DENIAL OF CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability ("COA"), a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The court finds that this standard is not met by defendant's claim that his career offender sentence was rendered invalid by the state court's reclassification of a prior felony conviction to a misdemeanor pursuant to Proposition 47, in light of the holding of *Diaz*.  Accordingly, the court DENIES a COA on that claim.

**IT IS SO ORDERED.**

Dated:  February 6, 2017

_____

PHYLLIS J. HAMILTON
United States District Judge