UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

JOSEPH MENCHACA,

Defendant/Movant.

Case No. 12-cr-00454-PJH-1

**ORDER RE PREHEARING MOTIONS**

Re: Dkt. No. 122

Before the court are the prehearing motions of defendant Joseph Menchaca to exclude certain evidence (and/or obtain other evidentiary relief) in advance of the March 19, 2026 evidentiary hearing regarding defendant's alleged supervised release violations.

On October 6, 2025, the U.S. Probation Office filed an amended petition for warrant for person under supervision, alleging probable cause to believe that defendant had committed three violations of his supervised release conditions:

(1) violating the mandatory condition that he must not commit another federal, state, or local crime, which defendant violated by committing domestic violence against his partner in violation of Cal. Penal Code § 273.5(A), committing assault with a deadly weapon in violation of Cal. Penal Code § 245(A)(1), and dissuading a witness or victim in violation of Cal. Penal Code § 136.1, possessing drugs and paraphernalia in violation of Health & Safety Code §§ 11395(B)(1), 11377(A), and 11364(A), and possessing methamphetamine for sale in violation of Health & Safety Code § 11378;

(2) violating the standard condition that he shall not purchase, possess, use,

distribute, or administer any controlled substance or any paraphernalia related to any controlled substance (except as prescribed by a physician), which defendant violated by possessing drugs and paraphernalia in violation of Health & Safety Code §§ 11395(B)(1), 11377(A), and 11364(A), and possessing methamphetamine for sale in violation of Health & Safety Code § 11378; and

(3) violating the standard condition that he refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance (except as prescribed by a physician), which defendant violated by submitting urine samples that tested positive for fentanyl and amphetamines.

See Dkt. 91 at 1-3.

On March 12, 2026, the parties filed stipulations regarding the evidentiary hearing. See Dkt. 124. Importantly, defendant admits to violating his supervised release terms as to each of the three alleged violations, set forth above.

With regard to the first alleged violation, defendant admits that he possessed methamphetamine and drug paraphernalia in violation of Health & Safety Code §§ 11377(a) and 11364(a). See Dkt. 124 at 1-2.

With regard to the second alleged violation, defendant again admits that he possessed methamphetamine and drug paraphernalia in violation of Health & Safety Code §§ 11377(a) and 11364(a). See Dkt. 124 at 2.

Finally, with regard to the third alleged violation, defendant admits that he violated the standard condition that he must refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance (except as prescribed by a physician). See Dkt. 124 at 2.

Thus, the only alleged violations to which defendant does not admit are (1) Cal. Penal Code § 273.5(a), infliction of a domestic violence injury, (2) Cal. Penal Code

United States District Court
Northern District of California

2

United States District Court
Northern District of California

§ 245(a)(1), assault with a deadly weapon, (3) Cal. Penal Code § 136.1, dissuading a witness/victim from testifying, and (4) Health & Safety Code § 11378, possession of methamphetamine for sale.

In view of the stipulation, the court is unclear why a time-consuming and resource-intensive evidentiary hearing is necessary in this case. The defendant's admitted conduct would, alone, be sufficient to support revocation of his supervised release. The court has never required a defendant to admit to every allegation or every state law charge before accepting an admission to a violation of a condition of supervision.

To the extent that the upcoming hearing is really about each side's attempt to secure its desired sentencing goals for this defendant, the court simply reminds the parties that "[a]lthough a court may consider the need to sanction an individual for violating the conditions of probation or supervised release when formulating its sentence at a revocation proceeding," violations of probation or supervised release are properly characterized as "breach[es] of trust," and are distinct from the "imposition of an appropriate punishment for any new criminal conduct." See U.S. v. Miqbel, 444 F.3d 1173, 1182 (9th Cir. 2006) (internal citations omitted). Punishment for the underlying offense "must be imposed separately, if at all, following a conviction by plea or verdict in a separate criminal proceeding." Id. Thus, "at a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation." Id.

Thus, regardless of the underlying conduct or any disposition in state court, this court's sanction, if any, will be based solely on the defendant's breach of trust. The court also points out that defendant's underlying conviction that led to the supervised release term was primarily based on possession of methamphetamine, thus making his continued possession of methamphetamine more relevant to the 'breach of trust' analysis than the domestic violence alleged in the Form 12. Accordingly, the parties are ordered to meet and confer before the hearing to determine whether a hearing pulling four police officers off the street is really necessary.

3

United States District Court
Northern District of California

Turning to the merits of defendant's motion, it seeks five grounds of relief: (1) the right to confront the witnesses against him rather than allowing the government to rely on out-of-court statements, (2) the exclusion of victim A.A.'s testimony as well as the testimony of Probation Officer Kristen Coleman, or the disclosure of their communications, (3) the government's disclosure of all exculpatory and mitigating evidence, (4) the exclusion of evidence of any alleged violation about which defendant was not given written notice, and (5) the prohibition of the probation officer from sitting with or conferring with the government during the evidentiary hearing.

Starting with (1), the court is unclear why defendant has framed the argument as a denial of the right to confront when the government has disclosed its intention to call to the stand A.A., her friend, as well as the four police officers, all of whom can be cross-examined. The court will permit the officers to testify as to what A.A. and/or her friend said to them on the day in question, as long as both women are presented at the hearing. To the extent that defendant objects to other, unidentified hearsay, the court will hear arguments and make a determination at the hearing as to whether the specific hearsay is sufficiently reliable.

Turning to (2), defendant relies upon Federal Rule of Criminal Procedure 26.2 for the argument that witness statements must be disclosed. However, Rule 26.2 requires only that witness statements be disclosed <u>after</u> the witness testifies on direct examination, so it is prematurely invoked now.

As to the probation officer's files and chronos, those will be ordered only if the probation officer is relying on them or their contents for the charges. If, at the hearing, it can be discerned that there is something else (such as A.A.'s credibility) that cannot be properly impeached through only the probation officer's testimony, the court will consider reviewing the probation officer's documents to determine if any should be disclosed.

As to (3), defendant's motion acknowledges that the "Ninth Circuit has not squarely addressed whether the disclosure requirements of Federal Rule of Criminal Procedure 16 apply to revocation proceedings." <u>See</u> Dkt. 122 at 12 (citing <u>United States</u>

United States District Court
Northern District of California

v. Mendoza, 2023 WL 7283390 at *2 (D. Idaho 2023)).  The government does not address this issue in its response brief.  Accordingly, the court will discuss at the hearing whether any exculpatory/mitigating evidence remains at issue.

On issue (4), the court is unclear whether the government intends to present evidence about "any alleged violation about which [defendant] was not given notice," but the court simply emphasizes that the hearing will be limited to the pending Form 12.

Finally, as to (5), the court will direct the probation officer not to sit at the government's table and not to consult with the government during the hearing, but the court will not exclude the probation officer from the hearing, even though other witnesses will be excluded, because of the unique nature of the probation officer's responsibilities to the defendant and to the court.

Accordingly, defendant's prehearing motions are GRANTED in part and DENIED in part, as set forth above.

**IT IS SO ORDERED.**

Dated:  March 16, 2026

_____/s/ *Phyllis J. Hamilton*_____
PHYLLIS J. HAMILTON
United States District Judge

5